COOK *v.* BERA.

1. GUARDIAN AND WARD—SALE BY GUARDIAN TO WARD—VOIDABILITY.
   Section of probate code prohibiting a transaction between a fiduciary in his personal capacity and the estate which he represents except with the written approval of the probate court *held,* not to make sale of an automobile by a guardian automobile dealer to his minor ward void, but at most voidable at the instance of the ward (CL 1948, § 704.37).

2. AUTOMOBILES—CERTIFICATE OF TITLE—IMPROPER APPLICATION—TRANSFER OF TITLE.
   Improprieties in signing and acknowledging an application for certificate of title by a father who was in California at the time he signed and did not personally appear before the notary public who purported to take his acknowledgment, in violation of statute, did not prevent title from passing from selling automobile dealer to the father and his minor son who had also executed the application for certificate of title (CL 1961, § 257.217[a]).

Appeal from Kalamazoo, Fox (Raymond W.), J. Submitted Division 3 April 3, 1968, at Grand Rapids. (Docket No. 2,556.) Decided May 28, 1968.

Complaint by Merle Cook against Gordon Bera, Sr., Gordon Bera, Jr., and John Dir, for damages sustained in automobile accident. Summary judgment in favor of defendant Dir. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Guardian and Ward §§ 124, 139 *et seq.*
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 36 *et seq.*

*Troff, Lilly, Bonow, Piatt & File (John D. Doyle,* of counsel), for plaintiff.

*Howard & Howard,* for defendant John Dir.

QUINN, J. The trial court granted the motion of defendant John Dir to be dismissed from this action and plaintiff appeals on the basis that legally John Dir was the owner* of the vehicle driven by defendant Gordon Bera, Jr. at the time of the accident out of which this action arose. Plaintiff contends that the sale of the vehicle to Gordon Bera, Jr. by his guardian, John Dir, was void and also that title never passed from Dir because of improper transfer of title and improper application for a new title.

John Dir married the divorced mother of Gordon Bera, Jr., and, following her death, John Dir was appointed guardian of Bera, Jr. The latter desired to have an automobile and his guardian petitioned the probate court for permission to expend the ward's funds to purchase an automobile and insurance. The petition failed to disclose that the sale was to be by Dir, a Ford dealer, to his ward. The permission sought was granted by order of the probate court but without written approval to sell personally to the ward. Sale of the vehicle was on September 26, 1960. It is not claimed that Dir made any profit on the sale, and the ward has attained majority and has never repudiated the sale.

The title to the car involved was properly transferred from Robert Burgett and Ruth Burgett to Dir Ford Sales Co. and properly reassigned by the latter to Gordon Bera, Sr. and Gordon Bera, Jr. Application for certificate of title in these names was signed by Bera, Sr. and Bera, Jr. and notarized by Dir. However, Bera, Sr. neither signed nor

---

* CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101).

acknowledged the application in Dir's presence because Bera, Sr. was living in California.

On the basis of the following phrase found in. CL 1948, § 704.37 (Stat Ann 1962 Rev § 27.3178[288]):

"Except with the written approval of the probate court, a fiduciary in his personal capacity shall not engage in any transaction whatsoever with the estate which he represents,"

plaintiff contends the sale without written approval was void. The trial court rejected the argument, as do we. At most, the sale was voidable at the instance of the ward.

On the basis of the following language found in CL 1961, § 257.217(a) (Stat Ann 1960 Rev § 9.1917 [a]):

"Every application for a certificate of title shall bear the signature of the owner written with pen and ink and said signature shall be acknowledged by the owner before a person authorized to administer oaths and said application shall contain:",

plaintiff contends transfer of title failed because Bera, Sr. did not sign or acknowledge the application for certificate of title before the notary. This argument is without merit. Regardless of what effect the improprieties in signing and acknowledging the application for certificate of title by Bera, Sr. had on such application or on any other person, title passed from Dir Ford Sales Co., to the Beras on reassignment and delivery of the certificate of title the former received from the Burgetts. *Fleckenstein* v. *Citizens' Mutual Automobile Insurance Company* (1950), 326 Mich 591.

Affirmed, with costs to John Dir.

BURNS, P. J., and ZIEM, J., concurred.